## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Dalton-Webb,<br><br>      Plaintiff,<br><br>v.<br><br>City of Sierra Vista, et al.,<br><br>      Defendants. | No. CV-25-00553-TUC-SHR<br><br>**ORDER** |

On October 6, 2025, pro se Plaintiff Eli Dalton-Webb filed a Complaint against Defendants City of Sierra Vista and Officers E. Slusser, R. Hertman, S. McHuntting, and W. Partidge in their individual and official capacities pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff additionally filed an Application for Leave to Proceed in Forma Pauperis ("IFP Application"), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney.  (Docs. 2, 3.)  For the following reasons, the Court will grant Plaintiff IFP status; grant Plaintiff's Motion to Allow Electronic Filing; and require Defendants Slusser, Hertman, McHuntting, and Partidge to answer or otherwise respond to Plaintiff's Complaint.

### I.     BACKGROUND

Plaintiff alleges Defendant City of Sierra Vista permitted a private organization to host an event called "Art in the Park" on October 7–8, 2023, at a public park.  (Doc. 1 at 3.)  Plaintiff went to the event to obtain signatures on a petition for ballot access for the

Cochise County Libertarian party. (*Id.*) An "unknown woman" present at the event approached Plaintiff and asked him to stop collecting signatures. (*Id.*) Two officers, who Plaintiff believes to be Officers Partidge and McHuntting, arrived and ordered Plaintiff to stop petitioning in a "vaguely defined area of the park." (*Id.* at 4.) Plaintiff alleges the officers "detained" him and instructed him to use "common sense" to determine where he could collect signatures. (*Id.* at 4, 6.) Plaintiff expressed his confusion to the officers about where he was permitted to collect signatures because there were no cones, marked lines, entry fees, fences, "or anything else that would clearly separate . . . a space in the park" where Plaintiff was permitted to proceed with signature collection. (*Id.* at 5–6.)

The next day, Plaintiff returned to the park and continued to collect signatures. (*Id.* at 6.) Pursuant to the officers' instructions from the previous day, Plaintiff "kept a distance from the Art in the Park tents while petitioning." (*Id.*) Officers Hertman and Slusser stopped Plaintiff and Hertman said, "I'm detaining you." (*Id.*) Officer Slusser then threatened to arrest Plaintiff if he continued collecting signatures and instructed him not to "petition anyone leaving the event" but no further action was taken against Plaintiff. (*Id.* at 6–7.) Plaintiff subsequently filed the instant action pursuant to § 1983 alleging Defendants' actions violated his rights under the First and Fourth Amendments.[1] (*Id.* at 1, 7–8.)

## II.    IFP APPLICATION

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal

---

[1]Although Plaintiff also asserts Defendants violated his Fourteenth Amendment rights, he makes no factual allegations in his Complaint related to violation of his due process rights, and the Court will not further address this claim.

quotation marks omitted).

Here, Plaintiff's IFP Application indicates he received under $9,000 between August 2024 and August 2025 and has only $289.24 in available funds, which he uses for travel expenses to and from the college he attends.  (Doc. 2 at 2–3.)  Therefore, the Court will grant Plaintiff's Application.

### III.    STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served.  § 1915(e)(2).  The Court must dismiss such a complaint or a portion thereof if a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners).

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  This rule does not apply to legal conclusions.  *Ashcroft*, 556 U.S. at 678.

## IV.    DISCUSSION

Section 1983 provides a cause of action for individuals who have been deprived of their constitutional rights by persons acting under color of law.  42 U.S.C. § 1983.  It is a mechanism "for vindicating federal rights elsewhere conferred" and "is not itself a source of substantive rights."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  To succeed on a claim under § 1983, a plaintiff must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

As a threshold matter, although Plaintiff names as Defendants the City of Sierra Vista and Sierra Vista Police Department Officers Slusser, Hertman, McHuntting, and Partidge in their official capacities, Plaintiff fails to point to any official policy, longstanding custom or practice, or decision by any official with final policymaking authority to support an allegation of municipal liability.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding a municipality cannot be held liable under § 1983 unless the execution of a policy or custom inflicts the injury); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 (9th Cir. 2000) (stating police department is

governmental entity not subject to liability unless a policy or custom caused the constitutional injury). As such, the Court will not further address Plaintiff's claims against the City of Sierra Vista or the officer Defendants in their official capacities and dismiss these claims without prejudice.

As to Plaintiff's § 1983 claims against the officer Defendants in their individual capacities, Plaintiff alleges Defendants violated his First and Fourth Amendment rights by "[d]etaining [him], ordering him to stop petitioning in vaguely defined areas, and threatening arrest." (Doc. 1 at 1.) Plaintiff asserts he was "damaged by the time wasted by being detained by police" and by being "given unconstitutional instructions" to relocate to another area of the park. (*Id.* at 5.) He requests a declaratory judgment against Defendants, as well as injunctive and monetary relief. (*Id.* at 9.)

### A. First Amendment

Plaintiff alleges the officers' conduct violated his First Amendment rights. To state a claim for a First Amendment violation, a plaintiff must plead facts showing the defendant's conduct "deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994)). The question is whether the official's acts "would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* (citation omitted).

Under First Amendment jurisprudence, parks are traditional public forums. *Minn. Voters All. v. Mansky*, 585 U.S. 1, 11 (2018). Further, "[t]he solicitation of signatures on an initiative petition is 'core political speech' involving 'interactive communication concerning political change.'" *Pierce v. Jacobsen*, 44 F.4th 853, 859 (9th Cir. 2022) (quoting *Meyer v. Grant*, 486 U.S. 414, 422 (1988)). The government may impose reasonable time, place, and manner restrictions on traditional public forums, but those restrictions must be viewpoint neutral and must satisfy strict scrutiny if they are based on content. *Minn. Voters All.*, 585 U.S. at 11. The Ninth Circuit has held the issuance of a

permit to private individuals for use of a park does not transform the park into a private forum when the event is open to the public. *See Gathright v. City of Portland*, 439 F.3d 573, 578–79 (9th Cir. 2006).

Here, Plaintiff alleges officers "chilled and burdened his speech and petition activity." (Doc. 1 at 1–2.)  Specifically, he alleges officers approached him in the park and "instructed [him] not to petition in a vaguely defined area." (*Id.* at 4.)  Plaintiff returned to the park the next day and, attempting to adhere to the officers' instructions, "kept a distance from the Art in the Park tents while petitioning." (*Id.* at 6.)  He alleges he was nevertheless approached by officers, detained, and threatened with arrest. (*Id.*)  Taking Plaintiff's allegations as true, *see Shwarz*, 234 F.3d at 435, Plaintiff has sufficiently stated a claim for violation of his First Amendment rights.  The Court will require Defendants Slusser, Hertman, McHuntting, and Partidge to answer this claim.

### B. Fourth Amendment

Plaintiff alleges officers violated his rights under the Fourth Amendment when they detained him and threatened him with arrest.  The Fourth Amendment prohibits police officers from conducting unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 16 (1968).  A seizure occurs when a police officer restrains a citizen's liberty "by means of physical force or show of authority'" or when, under the totality of the circumstances, a reasonable person under similar circumstances would not have felt free to leave or terminate the encounter. *Id.* at 20 n.16; *Brendlin v. California*, 551 U.S. 249, 255 (2007).  The relevant inquiry is not the officer's subjective intent, but rather whether the officer's conduct would have conveyed to a reasonable person that he was not free to decline the officer's request. *Brendlin*, 551 U.S. at 260.

Here, although Plaintiff alleges Officers McHuntting and Partidge "detained" him during their interaction on the first day of the event, Plaintiff does not allege any facts indicating he was seized within the meaning of the Fourth Amendment—he merely alleges the officers confronted and instructed him not to petition in the park. (Doc. 1 at 4.)  The Court will dismiss Plaintiff's Fourth Amendment claim against these officers without

prejudice. However, with respect to his interaction with Officers Hertman and Slusser on the second day of the event, Plaintiff alleges Officer Hertman said, "I'm detaining you," and Officer Slusser threatened to arrest him if he continued to petition in the park. (*Id.* at 6.) Because Plaintiff alleges sufficient facts indicating a reasonable person would not have felt free to terminate this interaction, *see Brendlin*, 551 U.S. at 255, and nothing in his Complaint indicates the officers had reasonable suspicion or probable cause to detain him, Plaintiff has stated a claim for violation of his Fourth Amendment rights. The Court will require Defendants Hertman and Slusser to answer this claim.

### V.     Leave to Amend

A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (internal quotation marks omitted) (quoting *Balistreri*, 901 F.2d at 701). Here, the Court will grant Plaintiff leave to amend his Complaint with respect to the claims the Court has dismissed without prejudice.

Plaintiff must clearly designate on the face of the document it is the "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. The First Amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### VI.     Warnings

#### A. Address Changes

If Plaintiff's address changes, Plaintiff must file a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may

result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (stating a district court may dismiss an action for failure to comply with any order of the Court).

### VII.   CONCLUSION

**IT IS ORDERED** Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3) is **GRANTED** in this case only.  Plaintiff has submitted with his Motion the appropriate form for registration with the Clerk's office. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order, and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  **Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Plaintiff.**

**IT IS FURTHER ORDERED** Plaintiff's claims against Defendants City of Sierra Vista and Officers Slusser, Hertman, McHuntting, and Partidge in their official capacities are **dismissed without prejudice**.  Plaintiff's Fourth Amendment claims against Officers McHuntting and Partidge in their individual capacities are also **dismissed without prejudice**.  If Plaintiff chooses to file an amended complaint in compliance with this Order, he must do so no later than **Friday, September 4, 2026**, or his case will be dismissed.

**IT IS FURTHER ORDERED:**

**1.** The Clerk of Court must send Plaintiff a service packet including the Complaint

(Doc. 1), this Order, and both summons and request for waiver forms for Defendants Slusser, Hertman, McHuntting, and Partidge.

**2.** Plaintiff must complete and return the service packets to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

**3.** If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants Slusser, Hertman, McHuntting, and Partidge within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

**4.** The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

**5.**  The United States Marshal must notify Defendants Slusser, Hertman, McHuntting, and Partidge of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to these Defendants must include a copy of this Order.  The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendants within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    **a.** personally serve copies of the Summons, Complaint, and this Order upon Defendants Slusser, Hertman, McHuntting, and Partidge pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    **b.** within 10 days after personal service is effected, file the return of service for Defendants Slusser, Hertman, McHuntting, and Partidge, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon these Defendants.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the

Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

**6.** If Defendants agree to waive service of the Summons and Complaint, Defendants must return the signed waiver forms to the United States Marshal, not Plaintiff.

**IT IS FURTHER ORDERED** Defendants Slusser, Hertman, McHuntting, and Partidge shall **answer or otherwise respond** to Plaintiff's First Amendment claim.

**IT IS FURTHER ORDERED** Defendants Slusser and Hertman shall **answer or otherwise respond** to Plaintiff's Fourth Amendment claim.

Dated this 6th day of August, 2026.

Honorable Scott H. Rash
United States District Judge